IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| Donovan "Puff" Johnson, | : | |
| | : | Case No. 2:26-cv-00090 |
| Plaintiff, | : | |
| v. | : | Judge Graham |
| | : | |
| National Collegiate Athletic Association, | : | Magistrate Judge Jolson |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court upon Plaintiff Donovan "Puff" Johnson's ("Johnson") *Emergency Motion to Remand to State Court*. Doc. 7. Defendant National Collegiate Athletic Association ("NCAA") filed an expedited response in opposition. Doc. 9. For the following reasons, the Court **GRANTS** the motion and **REMANDS** this matter to the Franklin County Court of Common Pleas.

On January 15, 2026, Johnson filed a complaint in the Franklin County Court of Common Pleas seeking injunctive relief which would allow him to play basketball for the Ohio State University's Men's Basketball Team by enjoining the NCAA from enforcing its eligibility rules against him. He argued that such relief was warranted because the NCAA rules at issue violate Ohio's Valentine Anti-Trust Act. On January 16, that court granted Johnson motion for a temporary restraining order ("TRO") and set a hearing for January 30—the date of the order's expiration—to determine whether to keep the order in force beyond its initial temporary effective period. On January 26, the NCAA removed the case to this Court. The following day, January 27,

[1]

Johnson filed the instant "emergency" motion seeking remand to state court, citing the imminent expiration of the temporary restraining order. That motion also included a request for attorney fees, alleging that the NCAA had no objectively reasonable basis to remove the matter. Thereafter, he filed another "emergency" motion, this time asking this Court to "extend the [TRO] entered by the Franklin County Court of Common Pleas." Doc. 10.

This is not Johnson's first pass through this Court. On November 5, 2025, Johnson filed a complaint in this Court, seeking (for practical purposes) the same injunctive relief. On November 11, this Court denied Johnson's motion for a temporary restraining order. He voluntarily dismissed that case on January 2, 2026, shortly before filing his case (this case) in Franklin County. The complaint in this case, as the NCAA describes it, is "nearly identical" to the complaint filed in this Court in 2025. Doc. 9, # 8. But there is one material difference: while Johnson's 2025 complaint, filed in this Court, invoked the Sherman Anti-Trust Act, the instant complaint does not allege any federal causes of action—instead grounding its request for relief in Ohio's Valentine Anti-Trust Act.

The NCAA argues that Johnson's claim under the Valentine Act is really just a Sherman Act claim under federal law, and therefore removal was proper on that basis, citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007). In *Mikulski*, the Sixth Circuit described the "artful pleading doctrine," stating that "plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" *Id.* at 560 (quoting *Federated Dep't Stores,*

[2]

*Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). To support its argument, the NCAA points to Johnson's complaint, arguing that he has failed to allege the necessary elements of a Valentine Act claim—namely, a conspiracy among two or more actors—thus revealing its true nature as a Sherman Act claim (which does not require a conspiracy).

Johnson argues that the artful pleading doctrine does not apply to his complaint, because the Sixth Circuit has further clarified that the artful pleading doctrine only permits removal "where federal law completely preempts a plaintiff's state law claim." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010) (quoting *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998)). And "complete preemption" only applies in limited circumstances, not including anti-trust law. *See Skaggs*, 629 F.3d at 531 (discussing areas of complete preemption); *and California v. ARC Am. Corp.*, 490 U.S. 93, 102, 109 S. Ct. 1661, 1665, 104 L. Ed. 2d 86 (1989) ("[O]n several prior occasions, the Court has recognized that the federal antitrust laws do not pre-empt state law."). Johnson further argues that, even if his Valentine Act claim is deficiently pleaded, the proper vehicle for such an argument is a motion to dismiss in the state court proceeding, rather than construing the deficient pleading as creating a federal cause of action.

The Court agrees with Johnson that the artful pleading doctrine does not apply here. As the Sixth Circuit stated in *Skaggs*, "the 'artful pleading' doctrine does not apply whenever it is *possible* to construe a state-law theory as a federal one." 629 F.3d at 532. "Since the plaintiff is the 'master of his complaint,' the fact that a claim could

[3]

be stated under federal law does not prevent him from stating it under state law only." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir.1994)).

The NCAA, in response to Johnson's motion for remand, argues that *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352 (6th Cir. 2015) opens the door for the "artful pleading" doctrine to apply beyond complete preemption. But *Berera* is distinguishable. In that case, the plaintiff filed a complaint in state court for unpaid wages under a state statute authorizing the claim. However, during the proceedings, it became apparent that the plaintiff's claim was in fact for a refund of taxes under the Federal Insurance Contribution Act ("FICA"). As the Sixth Circuit explained:

> The Complaint unequivocally states that the putative class on whose behalf Berera sues consists of Mesa employees whom Mesa has "forced to pay [Mesa's] share of payroll taxes and other taxes and withholdings." Although Berera also alleged that this forced payment caused the employees to receive an underpayment of wages, the Complaint states that the underpayment of wages "resulted" from the forced payment of payroll taxes. Therefore, the allegation regarding the forced payment of payroll taxes is the factual foundation of Berera's purported state-law claims.

*Id.* at 358. The Sixth Circuit further reasoned that "preemption is an unnecessary analytical framework for this case" for three reasons: (1) the "express allegations" of the complaint showed a FICA claim; (2) the plaintiff "failed to exhaust administrative remedies with the IRS" and (3) because 26 U.S.C.A. § 7422 "mandates dismissal of unexhausted FICA claims." *Id.* at 361, n. 12. Though not based on "complete preemption," the reasoning in *Berera* was consistent with the complete-preemption reasoning in that the nature of the plaintiff's claims *necessarily*—rather than just

[4]

"possibly"—implicated federal law. *Accord Skaggs*, 629 F.3d at 532 ("the 'artful pleading' doctrine does not apply whenever it is *possible* to construe a state-law theory as a federal one.").

None of the above circumstances applies here. Therefore, the Court finds the NCAA's arguments against remand unpersuasive. However, given the reasoning in *Berera*, which appeared to move away from a complete preemption requirement, the Court finds that the NCAA had an objectively reasonable basis for removal and thus declines to order and award of attorney fees to Johnson.

## CONCLUSION

The Court finds the Plaintiff's motion for remand well-taken. Based on the law of this circuit, his complaint does not raise a federal question, artfully or otherwise. Therefore, the motion is **GRANTED** and this matter is **REMANDED** to the Franklin County Court of Common Pleas for further proceedings. The Court declines to order an award of attorney fees. Finally, in light of the remand, the Court declines to rule on Johnson's emergency motion to extend the Temporary Restraining Order issued by the Franklin County court.

**IT IS SO ORDERED**.

                                                                             s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 28, 2026